**Tringe LUMAJ, Kristjan Lumaj, Petitioners,**

**v.**

Alberto R. GONZALES,[1] United States Citizenship & Immigration Services, Respondents.

No. 04–3176–AG.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Terence G. Hoerman, Detroit, Michigan, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Marianela Peralta, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tringe Lumaj and her minor son Kristjan Lumaj, through counsel, petition for review of the May 18, 2004 BIA decision affirming a February 27, 2003 decision of the immigration judge ("IJ") pretermitting Tringe's application on behalf of herself

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

and her son for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We review the agency's factual findings, including credibility, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–58 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

█ The IJ found that Lumaj failed to establish that her last entry to the United States was in April 2000 rather than in October 1997. We lack jurisdiction to review the IJ's factual conclusion that Lumaj failed to file her asylum application within one year of entry to the United States, or to demonstrate exceptional circumstances justifying the late filing. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3). Although we retain jurisdiction over related constitutional challenges and issues of statutory interpretation, Lumaj has not raised any such issues. *See Xiao Ji Chen*, 434 F.3d at 154. Even to the extent Lumaj's fact-based argument is read to include an implicit challenge to the IJ's interpretation of *"last arrival in the United States," see* 8 C.F.R. § 1208.4(a)(2)(ii) (emphasis added), the IJ was reasonable in calculating the one-year deadline from the 1997 entry because the alleged 2000 entry followed a brief trip to Canada rather than a flight from persecution. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 179–80 (2d Cir.2006).

█ Lumaj's withholding and CAT claims were not subject to any time bar. However, her failure to address these claims meaningfully in her brief to this Court severely constrains our ability to review the BIA's findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) (explaining that issues not sufficiently developed in a petitioner's brief are considered abandoned). Although it would not have changed the outcome petitioner unfortunately did not receive effective assistance in this appeal. Even construing her conclusory statements as substantive arguments, however, we would find that substantial evidence supports the BIA's factual findings. The IJ pointed out various discrepancies between Lumaj's testimony and asylum application that were both present and material to her claim of persecution. Moreover, she only described three relatively brief incidents of personal harm, one of which consisted only of a vague, unsubstantiated threat, and another where she could not prove who the perpetrator was. Finally, her substantial delay in applying for asylum undermines the seriousness of the threat of persecution or torture, and Lumaj has pointed to no further evidence to suggest that the threat of persecution or torture is objectively greater now. Substantial evidence thus supports the denial of withholding and CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).